IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JARIUS I. WILSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-22-3247 |
| NAVY FEDERAL CREDIT UNION, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Navy Federal Credit Union's ("Navy Federal") Motion to Dismiss (ECF No. 10), and Navy Federal's Motion to Strike (ECF No. 15). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion to Dismiss and deny the Motion to Strike.

### I. BACKGROUND[1]

On December 12, 2019, self-represented Plaintiff Jarius I. Wilson acquired a loan to purchase a motor vehicle from Defendant Navy Federal (the "Vehicle Loan"). (Compl. ¶ 10, ECF No. 1).[2] Wilson alleges that he sent two "Right of Rescission" notices regarding the Vehicle Loan to Navy Federal: one on September 15, 2022 and another on September 27, 2022. (Id. ¶¶ 11, 13). Navy Federal responded to both notices that Wilson owed the

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).
[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

debt for the Vehicle Loan and provided supporting documents. (Id. ¶¶ 12, 14). Wilson submitted complaints that his right of recission had been violated to the Consumer Financial Protection Bureau ("CFPB"), Maryland Attorney General Consumer Protection Division, National Credit Union Administration ("NCUA"), and Better Business Bureau ("BBB"). (Id. ¶¶ 15–17). The Maryland Attorney General Consumer Protection Division and the NCUA referred Wilson's complaints to the CFPB. (Id. ¶¶ 18–19). On November 30, 2022, Navy Federal responded to the CFPB complaint stating:

> Our records show that on 11 December 2019, Mr. Wilson established his Navy Federal used vehicle loan account ending in 3501. This is an active account, and as of 29 November 2022, the outstanding account balance is $9,774.18. This is a valid debt, and Mr. Wilson remains responsible for its repayment. Our agreement with Mr. Wilson does not include a right of recission, and we will not return any payments or cancel our security interest.

(Id. ¶ 21). Navy Federal sent the BBB a substantively identical response on December 12, 2022, stating that Wilson owed an updated balance of $9,790.35. (Id. ¶ 22).

Wilson then obtained a credit card from Navy Federal on May 14, 2022. (Id. ¶ 23). On July 19, 2022, Wilson submitted a claim for unauthorized credit transactions in $9,863.93, then the amount of his Vehicle Loan debt. (Id. ¶ 24). The $9,863.93 was initially credited to Wilson's account, but the credit was soon removed. (Id. ¶¶ 25–26). Wilson sent multiple billing error dispute notices to Navy Federal, and Navy Federal responded that Wilson owed the $9,863.93 debt. (Id. ¶¶ 27–32). Wilson submitted a complaint to the CFPB and the Virginia Attorney General Consumer Protection Division, which referred the

complaint to the CFPB. (Id. ¶¶ 30–33). On December 5, 2022, the CFPB closed Wilson's complaint and sent the response from Navy Federal which stated:

> Our records show that on 14 May 2022, Mr. Wilson established his Navy Federal credit card account ending in 9786. On 19 July 2022, our member submitted a claim for unauthorized credit card transactions totaling $9,863.93. We completed an investigation, found the claim to be unsupported, and sent a letter to Mr. Wilson's address of record advising that the claim was denied. Our decision to deny his claim stands. This is a valid debt with an outstanding balance, and Mr. Wilson remains responsible for its repayment.

(Id. ¶ 34).

Wilson filed a Complaint in this Court on December 16, 2022. (ECF No. 1). Wilson alleges that Navy Federal violated the Truth in Lending Act ("TILA") and the Fair Credit Billing Act ("FCBA"), in particular 15 U.S.C. §§ 1635(a), 1643, 1640, and 1666. (Id. ¶ 35). Navy Federal moved to dismiss all counts against it for failure to state a claim on which relief can be granted. (ECF No. 10). Wilson filed an Opposition on June 28, 2023, (ECF No. 12), and Navy Federal filed a Reply on July 12, 2023 in which it noted that Wilson's Opposition was not timely filed, (Reply Mem. Supp. Mot. Dismiss ["Reply"] at 1, ECF No. 13).[3] Wilson filed a Surreply in support of his Opposition on July 25, 2023. (ECF No.

---

[3] Wilson's Opposition will not be stricken as untimely. Navy Federal is correct that Local Rule 105(2)(a) provides that "[u]nless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion," and Wilson filed his Opposition past that deadline, (ECF No. 12). However, in light of Wilson's pro se status, the Court will exercise its discretion in allowing the Opposition to be deemed timely filed and considered by the Court. See Roberts v. Wexford Health Sources, Inc., No. ELH-20-0340, 2022 WL 2971949, at *2 (D.Md. July 26, 2022),

14). Navy Federal filed a Motion to Strike Wilson's Surreply on August 2, 2023, (ECF No. 15), Wilson filed an Opposition on August 9, 2023, (ECF No. 16), and Navy Federal filed a Reply on August 18, 2023, (ECF No. 17).

## II.     DISCUSSION

**A.     Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am.,

---

aff'd, No. 23-6232, 2023 WL 4888846 (4th Cir. Aug. 1, 2023) (allowing untimely opposition to be deemed timely and considered by the Court).

N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**B.     Analysis**

    **1.     Motion to Strike**

Following the briefing of the Motion to Dismiss, Wilson filed a Surreply. (ECF No. 14). However, he did not seek leave of court, as required by Local Rule 105.2(a). On that ground, Navy Federal filed a Motion to Strike. (Mot. Strike Reply Mem. Supp. Pl.'s Opp'n at 2, ECF No. 15). It is clear that Wilson did not follow Local Rule 105.2(a), as he did not seek leave to file his Surreply. However, Wilson is proceeding pro se, and "a document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Macena v. U.S. Citizenship & Immigr. Servs., No. TDC-14-3464, 2015 WL 6738923, at *1 (D.Md. Nov. 2, 2015). For this reason, the Court will construe Wilson's Surreply as a Motion for Leave to File a Surreply and will consider it

5

accordingly. See Courtney-Pope v. Bd. of Educ. of Carroll Cnty., 304 F.Supp.3d 480, 485 (D.Md. 2018) (construing pro se plaintiff's surreply as a motion for leave to file a surreply).

Though surreplies are generally not permitted, see Local Rule 105.2(a), the Court in its discretion may allow a party to file a surreply. EEOC v. Freeman, 961 F.Supp.2d 783, 801 (D.Md. 2013), aff'd in part, 778 F.3d 463 (4th Cir. 2015). This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs. See Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003), aff'd, 85 F.App'x 960 (4th Cir. 2004). Courts have also used this discretion to permit self-represented parties to file surreplies even where no new matters were raised in the reply brief. See Williams v. Bartee, No. CCB-10-935, 2011 WL 2842367, at *2 (D.Md. July 14, 2011), aff'd sub nom. Williams v. Merritt, 469 F.App'x 270 (4th Cir. 2012) (permitting pro se party to file surreply that does not address new material but also does not "unduly prejudice defendants").

Although Navy Federal did not raise new legal arguments in their Reply, the Court will allow Wilson's Surreply due to his pro se status and because his Surreply contains brief, reasonable arguments to address the issues raised by Navy Federal. (See generally Reply Mem. Supp. Pl.'s Opp'n, ECF No. 14). Further, the Court finds that because the arguments contained in his Surreply do not change the outcome of its analysis below, Navy Federal will not be unduly prejudiced by them. Accordingly, the Court denies Navy Federal's Motion to Strike and considers Wilson's Surreply below.

**2.     Motion to Dismiss**

### i.      TILA Claims Relating to the Vehicle Loan

Wilson alleges that Navy Federal violated TILA by failing to provide required disclosures at the origination of the Vehicle Loan and by failing to recognize Wilson's purported rescission of the Vehicle Loan in 2022. (Compl. ¶¶ 35–38). Navy Federal asserts that Wilson's TILA claims are time-barred. (Mem. Supp. Mot. Dismiss ["Mot."] at 4, ECF No. 10-1). Because the defense of statute of limitations is an affirmative defense, Fed.R.Civ.P. 8(c)(1), Wilson's TILA claims are only subject to dismissal on this ground "if the time bar is apparent on the face of the complaint." Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005).

Among other things, TILA "requires lenders 'clearly and conspicuously' to make a number of disclosures to borrowers, including the disclosure of the borrowers' right to rescind a consumer credit transaction." Watkins v. SunTrust Mortgage, Inc., 663 F.3d 232, 234 (4th Cir. 2011) (quoting 15 U.S.C. § 1635(a)). Creditors are also required "to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, (1998); see generally 15 U.S.C. §§ 1601–1667f. Section 1640 of TILA authorizes a civil action for damages against "any creditor who fails to comply with any requirement imposed under" §§ 1631–1651 and 1666–1667f (i.e., Parts B, D, and E of the TILA). However, § 1640(e) provides, with exceptions not relevant here, that an "action under this section may be brought in any United States district court, or in

7

any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ." (emphasis added). The "date of the occurrence of the violation is the date on which the borrower accepts the creditor's extension of credit." Brown v. Ocwen Loan Servicing, LLC, No. PJM-14-3454, 2015 WL 5008763, at *7 (D.Md. Aug. 20, 2015) (internal quotation marks and citation omitted), aff'd, 639 F.App'x 200 (4th Cir. 2016).

Here, Wilson identifies the date that he obtained the Vehicle Loan, and thus accepted the creditor's extension of credit, as December 12, 2019. (Compl. ¶ 10). Wilson did not file an action in this Court, or any other Court, until December 16, 2022, over three years after Wilson's initial acceptance of the loan. (Compl. at 8). Accordingly, Wilson's claims under § 1640 of TILA are barred by the one-year statute of limitations. A claim barred by the statute of limitations cannot be cured by amendment. See Metz v. U.S. Postal Serv., No. 87–3050, 1988 WL 1076, at *1 (4th Cir. Jan. 4, 1988).

Wilson attempts to avoid the statute of limitations and argue that he had a right of recission by arguing that his claims fall under 15 U.S.C. § 1635 and 12 C.F.R. § 1026.23, which only apply to loans involving a security interest in the borrower's principal dwelling. (Resp. Opp'n Mot. Dismiss ["Opp'n"] at 4–6, ECF No. 12). In addition to suits for money damages authorized by 15 U.S.C. § 1640, the TILA provides a right of recission "as to certain transactions," 15 U.S.C. § 1635. The statute provides, in relevant part:

> [I]n the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery

> of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.

Id. (emphasis added). 12 C.F.R. § 1026.23, known as Regulation Z, is an implementing regulation of the TILA and contains similar language. It provides that "[i]n a credit transaction in which a security interest is or will be retained or acquired <u>in a consumer's principal dwelling</u>, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction." 12 C.F.R. § 1026.23(a)(1) (emphasis added).

This Court has previously declined to find a right of recission where a plaintiff purchased a limited warranty for a vehicle. See <u>Love v. MileOne Auto Grp.</u>, No. ADC-23-636, 2023 WL 4052251, at *3–4 (D.Md. June 16, 2023). The Court stated, "[t]he plain language of the TILA and Regulation Z make clear that the right of recission applies only when the security interest retained in the transaction 'is or will be . . . a consumer's principal dwelling.'" <u>Id.</u> (quoting 15 U.S.C. § 1635(a); 12 C.F.R. § 1026.23(a)(1)). Nowhere in Wilson's Complaint does he plead or allege that his loan application or the underlying transaction involved a security interest in his principal dwelling. (See generally Compl.). Wilson has, therefore, failed to plead that he is within the class of people protected by the TILA and Regulation Z. See <u>Love</u>, 2023 WL 4052251, at *4 (dismissing plaintiffs' TILA and Regulation Z claims with prejudice as amendment would be futile); see also <u>Jones v. Am. Honda Motor Co., Inc.</u>, No. 3:22cv558, 2023 WL 1778262, at *3–4 (E.D.Va.

Feb. 6, 2023) (dismissing a similar action "[b]ecause the right of recission only applies when . . . the transaction involves a security interest in a consumer's principal dwelling."). Accordingly, Count I (TILA Disclosure Violation) and Count II (Rescission – Related Violations) of this case are dismissed with prejudice, as amendment would be futile.

        ii.      **FCBA § 1666**

Wilson also alleges violations of the FCBA, an amendment to the TILA, in connection with his credit transaction dispute. (Compl. ¶¶ 39–40). "A plaintiff may maintain a cause of action under [the Truth in Lending Act] if he alleges a 'violation' of Section 1666's billing dispute resolution procedures." Cornwell v. Synchrony Lending Inc., No. GJH-21-1155, 2022 WL 195508, at *2 (D.Md. Jan. 21, 2022) (quoting Beaumont v. Citibank (S. Dakota) N.A., No. 01 CIV. 3393, 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002)) (also citing Rigby v. FIA Card Servs., N.A., 490 F.App'x 230, 234 (11th Cir. 2012) ("Enforced as part of the Truth and Lending Act, and implemented by Regulation Z, the FCBA gives a consumer the right, upon proper written notice, to request correction of 'billing errors' by its creditors") (internal quotation marks omitted). "To succeed on an FCBA claim, a plaintiff must show (l) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of § 1666." Farrish v. Navy Fed. Credit Union, No. DKC-16-1429, 2017 WL 4418416, at *3 (D.Md. Oct. 5, 2017), aff'd, 711 F.App'x 189 (4th Cir. 2018) (internal quotation marks omitted)).

Navy Federal and Wilson dispute whether a billing error existed. The FCBA defines "billing error" broadly to include "[a] reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof." 15 U.S.C. § 1666(b). The Court notes that the purported billing error of presumably the exact amount as Wilson's outstanding debt on his Vehicle Loan including interest, which was not purchased on the credit card at issue, (see Compl. ¶¶ 21–24), raises concerns of bad faith. However, the Court need not make a finding on whether a billing error existed because even if Wilson were able to show the existence of a billing error, he cannot show that Navy Federal failed to comply with the procedural requirements of § 1666. The statute requires that, within "thirty days after receipt of the notice, the creditor must send a written acknowledgment," and either make a correction of the error and notify obligor of same, or "send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the statement and, upon request of the obligor, provide copies of the obligor's indebtedness." 15 U.S.C. §§ 1666(A), 1666(B)(i)–(ii). By Wilson's own admission, Navy Federal "responded with a computerized response stating Plaintiff owed the debt with supporting documents of Plaintiff's credit card statements," and again "with the same computerized response stating that Plaintiff owed the debt with supporting documents of Plaintiff's credit card statements." (Compl. ¶¶ 28, 32). The statute does not prohibit "computerized" responses. See 15 U.S.C. § 1666 et seq.. Wilson has not shown that Navy Federal failed to comply

with § 1666's procedural requirements but rather has confirmed that Navy Federal responded to Wilson's notice according to the process outlined in § 1666(a). As such, Wilson's § 1666 claims (Count III) must be dismissed for failure to state a claim upon which relief can be granted.

### iii. TILA § 1643

Finally, Wilson argues that Navy Federal violated TILA § 1643. (Compl. at ¶¶ 41–42). § 1643 limits a cardholder's liability for "unauthorized use" of the cardholder's credit card. Unauthorized use is defined as use "by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." 15 U.S.C. § 1602(p).

Section 1643 protects consumer borrowers from illicit charges made when a card is lost or stolen. Azur v. Chase Bank, USA, 601 F.3d 212, 217 (3d Cir. 2010). The statute prevents a card issuer from suing a cardholder to recover fraudulent purchases but does not "enlarge a card issuer's liability or give the cardholder a right to reimbursement." Id.; see also Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 175 (3d Cir. 2008) ("TILA § 1643 does not impose any obligation on issuers of credit cards to pay the costs associated with unauthorized or fraudulent use of credit cards. It simply limits the liability of cardholders, under certain circumstances").

Wilson has not plead any facts to establish unauthorized use of his credit card. Wilson has not alleged that anyone other than him used his credit card. Rather, it appears that Wilson took issue with an amount that he owed in 2019, based on his own transactions,

before even obtaining the credit card at issue. (See Compl. ¶¶ 21–22). It appears that Wilson obtained the credit card at issue in 2022 and attempted to file a billing dispute as a mechanism to contest an earlier outstanding balance, which was entirely unrelated to his new credit card. (See id. ¶¶ 23–24). In any event, § 1643 is inapplicable because it only applies to situations where a card issuer sues a cardholder. See Azur, 601 F.3d at 217. Here, Wilson, the cardholder, sued Navy Federal, the card issuer. Because Wilson has not established unauthorized use and TILA § 1643 is otherwise inapplicable, Wilson's § 1643 Claims (Count IV) must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Navy Federal's Motion to Dismiss (ECF No. 10) and will deny Navy Federal's Motion to Strike (ECF No. 15). A separate Order follows.

Entered this 9th day of February, 2024.

/s/
George L. Russell, III
United States District Judge